20-2204 Carum Technologies v. Unified Patents. Mr. Murray, whenever you're ready. Thank you, Your Honors, and may it please the Court. In invalidating Claim 10 and 11 of the 416 patent, the PTAB made two primary errors I'd like to focus on today. First, it failed to analyze obviousness in light of express claim language. The Board failed to explain at all how HARADA discloses reducing vehicle speed according to a vehicle position in the term. And second, if the Board had analyzed that question, it would have been compelled to conclude that on this record, Unified failed to meet its burden of proving obviousness. Well, can I just start you, Mr. Murray? Could I just start you with the claim construction? Because I'm having a little trouble understanding the difference between the claim construction and then how they impact the obviousness analysis. So is it right? Go ahead. So why don't you give me your construction of the term we're talking about or the words we're talking about, and if you could summarize your friend's construction and what the Board then said, briefly. Yes, Your Honor. So the issue of the definition of position in a term, we argue for the plain meaning of that phrase as it is set out in the specification, which is the vehicle's position relative to the entry, the middle, or the exit of the turn. Or is it another way of saying in a position along a curve? That's right. The position along the curve. How does your friend's construction differ from yours? He says it's a position while turning. As I understand it, Unified's position is that position in a term refers to any position when vehicle happens to be turning. And we think that conflates position in the turn with position during the turn. And the 416 patent in columns 5 and column 6 make very clear what the patent means when it uses the phrase position in the turn. It discusses the position as the entry, middle, or exit, and then it explains at length how a POSA can use the relationship between lateral acceleration at various points along the curve and the position in the turn in order to determine position in the turn and then to exercise vehicle control on that basis. Well, you argue that Harada discloses reducing speed whether or not the vehicle is within a turn, right? That's what you said? That's correct. But you also say that in Harada, speed is only lowered in the event that the vehicle is running in the direction opposite to a direction which the steering wheel is operated. To have an opposite direction, your steering wheel has to be pointed to the side, right? Otherwise, lateral displacement is zero. So I don't understand why Harada only reduce, why won't Harada only reduce speed when the vehicle is turning? There is a difference, I think, between the vehicle, the steering wheel being operated in a direction and the vehicle being in a turn. So Harada, even if the intended lateral displacement is very low in one direction or another, Harada would still disclose reducing vehicle speed as long as the estimated displacement is large and in the opposite direction. And so I think it's unusual that when you're driving, your lateral displacement is completely zero because you're always adjusting yourself within the lane, within the lane of travel or perhaps you're changing lanes even if you're not turning. And Harada does not distinguish, in terms of exercising vehicle control, Harada does not distinguish between turning and non-turning situations. It only focuses on the difference between estimated and intended lateral displacement. And so even in situations where you're not turning and you have small amounts of lateral displacement as you're controlling yourself within the lane, and then you have a sudden external disturbance like a side wind that pushes you in the opposite direction, Harada's system would disclose reducing speed. And that analysis is set out in the declaration of Dr. Shaver, and Unified's expert, Mr. Andrews, does not dispute that analysis, does not dispute that turning is neither a necessary nor a sufficient condition in Harada for a reduction in speed. And for that reason, it's our position that Harada does not disclose on any construction reducing speed according to a vehicle position in the turn because turning is neither necessary or sufficient for a reduction in speed in Harada. Harada is focused on, oh, I'm sorry. Can I, okay, so I read your position with respect to what your patent says is that your patent's supposed to, A, figure out if it's in a turn, and then adjust speed, B, with respect to its position along that turn. And does Harada do the first, but in your view, not the last, or do you think it does neither? The board found that Harada does determine that the vehicle is in a turn, and we don't contest that determination on this appeal. But there is a difference. The board never made the next step. The board found that Harada determines that the vehicle is turning, but then did not explain how Harada discloses reducing speed according to the vehicle's position in the turn, which is a very different concept. And as the 416 patent lays out, the position in the turn refers to entry, middle, or exit. And the patent explains how or why one would use position in the as the patent discloses, lateral acceleration increases at a growing rate at the beginning of the turn and peaks at the middle of the turn. And so if you want to avoid uncomfortable or unnecessary lateral acceleration, it's important to preemptively reduce speed when you're still at the beginning of the turn. And none of those teachings in the 416 patent make sense on a definition of position in the turn other than the definition given to that phrase in the 416 patent, which is position relative to the curve. What about the issue that your friend on the other side raises, saying that you never really asked the board to focus on the adjusting speed based on position in the turn? You didn't ask for construction of that, and that while it was referenced in the obviousness discussion, you didn't really point out that it's an important aspect of the patent. I don't think that's true, Your Honor. Our opening response brief spent about five pages arguing that Harada does not disclose reducing speed according to a position in the turn. And a central part of that argument, this is at appendix 1011 through 1016, was that Harada does not do so because Harada is not addressed to turn position at all, as turn 416 patent, namely position at the entry, middle, or exit. So that was a central feature of our argument. It is true that we did not frame that argument in explicit claim construction terms, but that's because we were simply applying the ordinary meaning of that phrase as opposed to would understand the phrase after reading the specification. When Unified came back in their reply brief and said that the phrase position in the turn requires a broader construction, we then expanded on that argument in Sir reply, explaining why that broader construction could not be correct. The parties addressed that argument at length at the oral hearing. And while the panel did not explicitly, while the board did not explicitly resolve that issue in its analysis, it's important to note that the board recited the party's arguments on this issue at some length and did not find the argument to be waived. So I don't see any basis for Unified's that this argument was waived. The board clearly understood that the argument had been made and the argument was joined and Unified had the opportunity to respond in writing and orally. But I think the fundamental problem and the basis on which the court could relatively simply remand is the board's failure to address the issue at all. But because there is no evidence in the record to support the board's determination and because that issue is fairly clear once the proper construction is applied, we think reversal rather than remand is appropriate. And I would like to highlight... This is Judge Crouse. Can you explain to me a little remand? Remand for what? That we flip claim construction and make them analyze? What would we ask the board to reanalyze in a remand? I think there are two issues. The first is that the board simply did not address the question at all of whether Harada reduces speed according to vehicle position in the turn. Whether as a matter of claim construction or simply as a matter of, you know, of the teachings of Harada, the board addressed other aspects of the controller limitation, but never addressed that issue. So at least a remand is necessary for the board to address that issue. But because the issue is sufficiently clear and because Unified does not appear to argue that Harada does disclose reducing speed according to vehicle position in the turn, if that phrase is given the construction of position along the curve, we think there's no need to remand here because the issue here really is a clean issue of law that can be decided as a matter of claim construction, at which point there is no evidence in the record to support the board's determination. Unless there are further questions, I'll reserve my remaining time. Thank you. Mr. Miss, you have to help me pronounce your name, sir. Absolutely. Mr. Man Singh Hani. Thank you. Please proceed. May it please the court. As your Honor has seen, claim construction is a key issue in this case, and Karam would want to construe the term, position the term, not just to mean any position in the term, but a very particular format that was only given as an example in the specification. That is, that the position in the term has to be relative to the entry, middle, or exit of the term. The problem is this construction imports an embodiment of the specification. The specification has no disclaimer or other requirement that this embodiment be read into the claim. All the places Karam points to are either explicitly examples or would have been understood if such were read in the term. If they are examples, even if the beginning, the middle, and the end of the turn are examples of along the turn, that doesn't change the fact that there are two different things. One is determining if it's in a turn, and then the other is determining the position along a turn, right? Your Honor, I think the wording here is careful. The claim language doesn't even say along the turn, but I agree with you that determining when you are in a turn is different than determining your position in the turn. But the key here is the language is intentionally broad. So, for example, Claim 10 and Claim 1 use the phrase path of the turn or vehicle path. That could have been used had the applicant intended for you to calculate a precise position along the path or curvature of the turn. None of that is in the claim language. All we have is position in the turn, and that could mean any position. And regardless, HRADA explicitly discloses determining position. So, that's not really the issue here. But HRADA, you say that's the question. If we were to assume that their definition of what it means to determine a position or to reduce speed based on position in the turn, if we were to accept Karam's definition of that, do you believe that HRADA teaches that? Yes. And how so? So, you think that HRADA can actually change speed and alter it based on where along the curve that the vehicle is? Yes, Your Honor. So, HRADA is explicit at Figure 4 of HRADA, which is Appendix 543, that HRADA is contemplating dealing with a turning scenario. And then at Column 5, Lines 54 to 59 of HRADA, which is on Appendix 548, HRADA explicitly says it is with respect to Figure 4 that it's determining an intended position and an estimated position. And that, when opposed to read that along with Figure 4, understands that that is in the turn. And then, if those positions, if the estimated position is not close enough to the intended position, it will perform a correction, which would include reducing speed. So, we do believe HRADA explicitly teaches it, and the final written decision actually specifically addressed this at But, Your Honor, the real issue here is that the claim construction that Karen is seeking is not simply a position along the curve. Their briefing is explicit. It has to mean this particular format relative to the entry, middle, or exit of a turn. And we think that does not comport with the law to bring in that type of embodiment into the claims when that is not what's presided. Can I ask for some clarification? So, you're saying that HRADA does show a, there's a difference between position and a turn and beginning, middle, and end, that those are two different constructions that result in a different outcome? Yes, Your Honor. I think that they do result in a different outcome. So, if the claim… HRADA only shows the car, slows the car under specific circumstances, as I understand it. It slows the car first if the car is going in the opposite direction that the steering wheel points, and second, if it's off from its target by a big enough amount. Both have to be true, right? I don't believe both have to be true. I think that's true in one embodiment, Your Honor, but on Appendix 548, Column 5, Slides 54 to 59, HRADA is explicit that if the control unit determines an intended position and an estimated position based on certain signals, it can either control the rear wheel steering actuator or the vehicle speed changing actuator, and that's the one that's relevant here, based on the difference between the positions. So, this is exactly what the claim language says. Reduce speed according to the vehicle's position and the turn. That's what HRADA teaches. So, you don't need both, as you mentioned, Your Honor. I do think that that discloses one embodiment, HRADA, but HRADA, the most relevant embodiment in this case is what we said in our brief, Column 5, Slides 54 to 59. But so, you're saying that the lateral displacements somehow show the position along the curve? Yes, Your Honor. So, there's been a confusion, we believe, on the understanding of what lateral displacement is. HRADA is explicit that intended target position and estimated target position can be represented by lateral displacement, and that is that Appendix 548, Column 6, Slides 4 through 22. So, HRADA is, as it mentions in Column 5, Slides 54 to 59, again, Appendix 548, that it is determining the position. It's using lateral acceleration and lateral displacement to determine those positions, but it is determining a position, and as Figure 4 demonstrates, as well as Figure 6, Appendix 545, those positions are in a turn. The fact that HRADA discloses calculating positions in a non-turning scenario doesn't take away from the fact that it explicitly discloses it in a turning scenario, has two figures dedicated to that proposition and explanation to accompany that. So, we believe that's certainly sufficient to have written as well as construed by Karam. Again, the problem with Karam's construction is that they allege, and they said it here as well during our argument, that there was a definition in the specification. There is not a definition in the specification on this point. In particular, Appendix 220, Column 5, Lines 41 through 45, is where the entry, middle, and exit of the turn is mentioned, and the patent is explicit that this is merely an example, but this is not a definition. There is no example here, or there is no disclosure in the patent to try to define… Does it have to prove a redefinition through lexicography if it's primary? Excuse me. Is that ordinary meaning of the phrase position in the turn, is it position along the curve? Your Honor, there's no evidence that ordinary meaning of the phrase. The evidence that Karam has put forth is one based on a definition. Here, position in the turn is a broad phrase, and we can see that Harada, which is also prior art and what Opposa would have looked at to understand how this language could be used, also uses the word position. It doesn't mean this exact definition or this precise format of being relative to entry, middle, or exit of the turn. The home diagnostics case that we cited in our brief we think is controlling here, the fact that the specification only has a single embodiment does not mean that the patent clearly and unambiguously it's about other embodiments. The reality is that the language here is broad, and that was intentional by the patent owner. Again, you look at the other claim language, this is confirmed. Claim 1 and Claim 10 use more precise language. For example, they use the term vehicle path. They could have used along the path or curvature of the turn if they had intended it to be so narrow. They did not, and as a result, it is broad regardless. As we've already talked about, Harada does explicitly demonstrate using Figure 4 and Figure 6, and in its text say that it is determining positions in the turn and then reducing speed according to those positions. So we have that in Harada regardless, but we believe the claim terms should be construed broadly because the phrase position in the turn is broad. Anything further? Finally, Your Honor, we believe that this is also consistent with how they have accused of infringement and applied their own claim language even to today. So if you look at appendix pages 814 to 815, there they made accusations that actually work exactly the way Harada does, and we have that comparison in our brief, and we think that is also probative of how the claim should be interpreted, how we believe CARIM is interpreting it in one way for infringement purposes and another way to preserve validity. The language is broad, and with that, I have no further comments unless you have any questions. Thank you. Mr. Murray? Yes, thank you. I'd like to just make a few brief points in response. The first is that Mr. Ansangani suggested that Harada can reduce speed even if the vehicle is not traveling in the opposite direction of that intended by the driver, and that's simply not an accurate characterization of Harada. He pointed to language in column 5 which says that the vehicle may either control rear wheel steering or reduce speed, and the discussion in column 5 in turn is discussing figure 3 of Harada. Figure 3 of Harada on appendix 542 lays out the exact control logic contained in Harada's system. It says about the middle of the figure, it says if Y1 and Y2 have the same sign, if no, vehicle speed is decreased, and then if yes, it asks whether you're in area A or area B of figure 2. In other words, which way is the vehicle turning? Is it oversteer or and then you control rear wheel steering accordingly, but that figure and the other language that we cite in our brief from Harada make clear that the limited circumstance in which Harada controls vehicle speed is when Y1 and Y2 have a different sign, and that's important in connection with the discussion of figure 4. Figure 4 is really the primary reference that Unified points to to say that Harada discloses reducing speed according to vehicle position in the turn, and it's important to note that in figure 4 is not only does it not disclose reducing speed on the basis of position at entry, middle, or exit of the turn, but figure 4 does not even disclose reducing speed because if you look at figure 4 on appendix 543, this is an example where Y1 and Y2 have the same sign. They're both positive. They're both to the vehicle's left-hand side. In this case, Y1 is greater than Y2, so there is an understeer situation. The vehicle is not turning as much as the driver intended in the same direction. This is a case where Harada would clearly teach to control rear wheel steering to get the vehicle back on course and not an example where Harada would disclose reducing speed. And then finally, I want to briefly address the issue of whether or not the specification defines the term position in the turn. We think that it does, but we also don't think that that is necessary in order to rule in our favor on claim construction. The ordinary meaning of the phrase is determined with reference to what a POSA would understand after reading the patent and evaluating the specification as a whole, and the specification's consistent usage, entire figures, and multiple entire columns of analysis in the patent are position in the turn with one consistent usage, and that's entry, middle, or exit. None of the patent's teachings on that issue make any sense if you divorce concept of position in the turn from position along the curve. Unless your honors have anything else, that's all I have. Hearing nothing from my colleagues, thank you. We thank both counsel. The case is adjourned. Thank you, your honor. The honorable court is adjourned until tomorrow morning at 10 am.